Shireen Tavakoli, Esq. (SBN:320278)
ONE LAW LITIGATION PC
10940 Wilshire Blvd., Suite 600
Los Angeles, CA 90024
Telephone: (424) 291-2644
Facsimile: (323) 967-4333
Email: Shireent@onelawpc.com

Rouzbeh Zarrinbakhsh, Esq. (SBN:307407)
GGC Law
11693 San Vicente Blvd. 399
Los Angeles, CA 90049
Telephone: (310) 890-5505
Email: Rouzbeh@ggclawco.com

Attorneys for Plaintiffs,
*Esmaeel Afifeh and Hasan Fathi*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| ESMAEEL AFIFEH AND HASAN FATHI,<br><br>     Plaintiffs,<br><br>  v.<br><br>FARID SHEKARCHIAN AHMADABADI (AKA OMID SHEKARCHIAN AHMADABADI), an individual, PROUD, LLC, PROUD HOLDING, LLC, FARSILAND and DOES 1 to 50, inclusive,<br><br>     Defendants. | CASE NO.<br><br>**COMPLAINT**<br><br>1. Federal Copyright Infringement (17 U.S.C. §501)<br><br>2. Unfair Business Practices in Violation of Business & Professions Code §§ 17200 *et. seq.*<br><br>3. Intentional Interference with Prospective Economic Advantage<br><br>4. Negligent Interference with Prospective Economic Advantage<br><br>5. Unjust Enrichment<br><br>6. Misrepresentation In Violation Of The Digital Millennium Copyright Act<br><br>7. Declaratory and Injunctive Relief<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Esmaeel Afifeh ("Afifeh") and Hasan Fathi ("Fathi"), (hereinafter collectively referred to as "Plaintiffs"), for their verified Complaint against defendants FARID SHEKARCHIAN AHMADABADI (AKA OMID SHEKARCHIAN AHMADABADI) ("Ahmadabadi"), PROUD LLC, PROUD HOLDING LLC, FARSILAND and DOES 1 to 50 (hereinafter collectively referred to as "Defendants"), allege as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiffs brings this action seeking injunctive and monetary relief for Defendants' intentional infringement of Plaintiffs' copyright in Plaintiffs' series titled "Jeyran" (the "Copyrighted Work").

2.      Plaintiff Afifeh is the producer of the Copyrighted Work and Plaintiff Fathi is the director of the Copyrighted Work.

3.      In 2021, Plaintiffs created the Copyrighted Work and as a result are the joint owners of all of copyright interests in the Copyrighted Work.

4.      Plaintiffs applied and obtained federal registration for the Copyrighted Work (PAu 4-119-713), effective on January 11, 2022, attached as Exhibit A.

5.      Plaintiffs are publishing the Copyrighted Work on February 13, 2022.

6.      All claims asserted herein arise out of and are based on Defendants' copying, editing, reproducing, marketing, advertising, streaming and making available for others to download, through their websites and streaming channels, of Plaintiffs' Copyrighted Work and Defendants' express indication that they will continue to copy, reproduce, distribute and publicly display Copyrighted Work without Plaintiffs' consent.

2                                    COMPLAINT

7.      Plaintiffs seek all remedies afforded by the US Copyright Act, including temporary restraining order, preliminary and permanent injunctive relief, Plaintiffs' damages and Defendants' profits from Defendants' willfully infringing conducts, and other monetary and statutory relief this court deems appropriate.

**JURISDICTION AND VENUE**

8.      This court has jurisdiction over this action pursuant to 17 U.S.C. §101 *et seq*. and/or 28 U.S.C. §§ 1331 *et seq*. in that the claims alleged herein arise under the laws of the United States of America and there is complete diversity between the parties.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear and determine Plaintiffs' state law claims, because those claims are related to Plaintiffs' federal claims, and arise out of a common nucleus of operative facts, and form part of the same case or controversy under Article III of the United States Constitution.

9.      This Court has jurisdiction over Plaintiffs' action for declaratory and injunctive relief pursuant to 28 U.S.C. §2201 *et seq.* and Rules 57 and 65 of the Federal Rules of Civil Procedure.

10.      Venue is proper in this district pursuant to 28 U.S.C. §1391 *et seq.* because (i) Defendants reside and/or conduct their business in this district; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this district; or (iii) a substantial part of property that is the subject of this action is situated in this district.  On information and belief, Defendants conduct their streaming operations throughout the world and more specifically in Los Angeles, California.  On information and belief, most of their audience and sales are in this district.

**PARTIES**

11.      Plaintiff Fathi is, and at all times mentioned herein was, a resident in United

3                                    COMPLAINT

1    States, Los Angeles County.

2         12.    Plaintiff Afifeh is, and at all times mentioned herein was, a resident in the Islamic

3    Republic of Iran.

4         13. On information and belief, Defendant Proud LLC ("Proud") is a limited liability

5    company, and at all times mentioned herein was, a limited liability company registered in

6    Vancouver, Canada.

7         14.    On information and belief, Defendant Proud Holding LLC ("Proud Holding") is, a

8    limited liability company formed under the law of the State of Colorado.

9         15.    Plaintiffs is ignorant of the true nature and structure of Defendant Farsiland and

10   will amend this Complaint to allege its true name and business formation when it has been

11   ascertained.  On information and Plaintiff, Defendant Farsiland is, and at all times mentioned

12   herein was, engaged in the business of purchasing, selling, streaming and/or distributing movies

13   and videos.

14        16.    Plaintiffs are informed and believe that Defendants, as agents of Defendants Proud

15   and Proud Holding, acting in concert with each other, have at all relevant times been in the

16   business of purchasing, selling, streaming and/or distributing movies and videos. On information

17   and belief, Defendants Proud and Proud Holding are the owners of the Iranproud website

18   (www.iranproud2.net).

19        17.     On information and belief, Defendant Ahmadabadi is an individual, who resides

20   in Denver, Colorado. At all times mentioned herein, Defendant Ahmadabadi was the operator of a

21   website, www.Iranproud2.net, which regularly engages in piracy and unlawful streaming of

22   copyrighted material.  On information and belief, Defendant Ahmadabadi is also the member of

23   the Proud Holding.

24        18.    Defendants and Does 1 through 50, inclusive, are sometimes individually and/or

25   collectively referred to as ("Defendants"). Plaintiff is ignorant of the true names and capacities of

26   Defendants named in this action as Does 1 through 50, inclusive (collectively "Doe Defendants"),

27   and they are therefore sued by such fictitious names. This Complaint will be amended to allege

28   their true names and capacities when they have been ascertained. Plaintiff is informed and

4

believes, and based thereon alleges, that such fictitiously-named Defendants, and each of them, are responsible in some manner for the occurrences alleged, and that Plaintiff's damages were proximately caused by their conduct.

**FACTS**

A.   **Plaintiffs and Their Copyrighted Work**

19.   Plaintiffs created the Copyrighted Work in 2021 and the Copyrighted Work was fixed in a tangible medium in 2022.  As a result, Plaintiffs own any and all copyright interests in the Copyrighted Work.  Exhibit A.

20.   The Copyrighted Work is wholly original, and Plaintiffs are the exclusive owners of all rights, title, and interest, including all rights under copyright, in and to the Copyrighted Work.

21.   Plaintiffs are the owner of valid and subsisting United States Copyright Registration No. PAu 4-119-713 for the Copyrighted Work, issued by the United States Copyright Office.

B.   **Defendants' Infringing Conduct**

22.   On information and belief, Defendants own and operate online platforms, www.iranproud2.net and www.farsiland.com, which offer free streaming of movies, TV series and music videos ("Contents").

23.   On information and belief, Defendants' websites display Contents without authorization from the Contents' owners.  In this way, Defendants pursue a deliberate strategy of engaging in, permitting, encouraging and facilitating massive copyright infringement on their online platforms.

24.   Defendants' business model violates laws protecting copyright. By unlawfully streaming Contents, they have misappropriated copyrighted content on a massive scale, and unlawfully exploited owners' valuable intellectual property rights.

COMPLAINT

25.     Defendants' have displayed on their platforms, identical excerpts and images of the Copyrighted Work without Plaintiffs' authorization and consent, and without any compensation to Plaintiffs. Exhibit B, Exhibit C.

26.      On information and belief, Defendants to plan to offer, for free streaming, the Copyrighted Work as soon as it is published on their websites, https://iranproud2.net/serieses/jeyran/episodes/jeyran-?SgTZWOby0GV5DOGPxJRK  and https://farsiland.com/tvshows/jeyran/.  Attached hereto as Exhibit B and Exhibit C are true and correct copies of Defendants' advertisements of the Copyrighted work.

27.     By exploiting portions of the Copyrighted Work, Defendants generate interest in their websites, resulting in significant increase in user traffic, which in turn, increases Defendants' advertising revenues and projected value as a site, platform, or destination.

28.     On information and belief, Defendants identical copying and exploitation of portions of the Copyrighted Work was willful, and in disregard of, and with indifference to, the rights of Plaintiffs.

29.     On further information and belief, Defendants' intentional infringement of the Copyrighted Work was undertaken to reap the creative benefits and value associated with the Copyrighted Work. By failing to obtain Plaintiffs' authorization to use the Copyrighted Work or to compensate Plaintiffs for their use, Defendants have avoided payment of license fees and other financial costs associated with obtaining permission to exploit the Copyrighted Work, as well as the restrictions that Plaintiffs are entitled to and would place on any such exploitation as conditions for Plaintiffs' permission, including the right to deny permission altogether.

30.     Beginning in January 2022, Plaintiffs' counsels sent several cease and desist letters to Defendants, objecting to Defendants' unauthorized copying, reproduction, publication, distribution, and public display, of portions of the Copyrighted Work. Furthermore, Plaintiffs' counsel objected to Defendants' express statements of intent to publish the Copyrighted Work unlawfully, once published by authorized distributors. Attached hereto as Exhibit D is a true and correct copy of Plaintiffs' counsels' cease and desist letter to Defendants.

COMPLAINT

31.     To date, Defendants have refused to remove the infringing content, teasers, and images form their websites and have failed to comply with the numerous demands set out in Plaintiffs' counsel's cease and desist letters. Exhibit D.

32.     As a result of Defendants' actions described above, Plaintiffs have been directly damaged, and are continuing to be damaged, by the unauthorized reproduction, publication distribution, advertising and streaming of portions of the Copyrighted Work, consisting of its teasers and images. Defendants have never accounted to or otherwise paid Plaintiffs for their use of these portions of the Copyrighted Work.

33.     Defendants' acts are causing, and unless restrained, will continue to cause significant damage and immediate irreparable harm to Plaintiffs for which Plaintiffs have no adequate remedy at law.

**First Claim for Relief**

**Federal Copyright Infringement**

**(17 U.S.C. § 501)**
**(Against All Defendants)**

34.     Plaintiffs repeat and reallege and incorporate by reference paragraphs 1 through 33 hereof, as if fully set forth herein.

35.     The Copyrighted Work is an original motion picture containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq.*  Plaintiffs are the exclusive owners of rights under copyright in and to the Copyrighted Work.  Plaintiffs own a valid copyright registration for the Copyrighted Work, attached as Exhibit A.

36.     Through Defendants' conducts alleged herein, including Defendant's reproduction, distribution, public display, and sale of portions of the Copyrighted Work without Plaintiff's permission, Defendants have directly infringed Plaintiffs' exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

COMPLAINT

37.     On information and belief, Defendants' infringing conducts alleged herein was and continues to be willful and with full knowledge of Plaintiffs' rights in the Copyrighted Work, and has enabled Defendants illegally to obtain profit therefrom.

38.     As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiffs have been harmed and are entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, including from any and all sales of advertisement pertaining to the Copyrighted Work and products incorporating or embodying the Copyrighted Work, and an accounting of and a constructive trust with respect to such profits.

39.     Plaintiffs are entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c) for Defendants' willful infringing conduct of Plaintiffs' Copyrighted Work.

40.     Plaintiffs are further entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

41.     As a direct and proximate result of the Defendants' infringing conduct alleged herein, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendants' infringing conduct is enjoined by this Court, Defendants will continue to infringe the Copyrighted Work. Plaintiffs therefore are entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct. As a result of Defendants' infringement of Plaintiffs Copyrighted Work, Plaintiffs are entitled to actual and/or statutory damages pursuant to 17 U.S.C. § 504 for Defendants' infringements upon Plaintiffs Copyrighted Work. Plaintiff is entitled to his attorney's fees and costs pursuant to 17 U.S.C. § 505.

**Second Claim for Relief**
**Unfair Business Practices in Violation of Bus. & Prof. Code §§ 17200 *et. seq.***
**(Against All Defendants)**

42.     Plaintiffs repeat and reallege and incorporate by reference paragraphs 1 through 41 hereof, as if fully set forth herein.

COMPLAINT

43. Plaintiffs allege that Defendants, knowingly engaged in unlawful, unfair, or fraudulent business practices in violation of Business and Professions Code § 17200 *et seq*.

44. Defendants engaged in these acts in a complete conscious and reckless disregard of Plaintiffs' rights, even though Defendants were aware that their conducts were in violation of state and/or federal laws, including, but not limited to, Business and Professions Code §17200 *et seq*.

45. In addition, the foregoing acts and conducts of Defendants, and each of them, constitute unfair trade practices, false advertising, and unfair competition under California Business and Professions Code § 17500 *et seq*.

46. Defendants and each of them, have engaged in unlawful, unfair and fraudulent business practices as described herein, including, but not limited to, deliberate breaches of the covenant of good faith and fair dealing, conversion, misappropriation of trade secrets, false promises, and misrepresentations.

47. Defendants' conducts significantly threaten and harm fair competition because Plaintiffs will lose their market share, audience, funds, investments, and/or profits. Plaintiffs will have to spend significant time and money to try to repair business relations with those who were misled by the Defendants' conducts.

48. Each of the acts alleged herein constitute unlawful, unfair, and fraudulent business practices as defined by under Business and Professions Code § 17200 *et seq*.

49. Defendants performed these acts to advance their own pecuniary interests and to injure Plaintiffs.  As a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices, Defendants have been unjustly enriched. Defendants' unlawful, unfair, and fraudulent practices as described herein have caused great and irreparable injury to Plaintiffs.

50. Plaintiffs have no adequate remedy at law for the injuries currently being suffered and will further suffer if Defendants are permitted to continue these unlawful, unfair, and fraudulent practices in the absence of injunctive relief.

51. Defendants have engaged in, and continue to engage in, unlawful and unfair business practices contrary to Business and Professions Code § 17200 *et seq*. As a direct and

COMPLAINT

proximate result of Defendants' unfair business practices, Defendants have acquired, and continue to acquire, an unfair competitive and financial advantage to the Plaintiffs' detriment. Defendants' illegal conducts and unfair business practices are continuing, and injunctive relief pursuant to Business and Professions Code § 17203 is necessary to prevent and restrain future violations.

## Third Claim for Relief
### Intentional Interference with Prospective Economic Advantage
### (Against All Defendants)

52.     Plaintiffs repeat and reallege and incorporate by reference paragraphs 1 through 51 hereof, as if fully set forth herein.

53.     Plaintiffs, as the owners of interests in the Copyrighted Work, are entitled to benefit from the work, including, but not limited to, the right to sell and/or license the rights to others.

54.     Plaintiffs, as the holder of ownership in the Copyrighted Work had and have reasonable expectation of prospective economic advantages that they would obtain through their right to sell and/or license the rights to the Copyrighted Material to others.

55.     Defendants, without the permission or consent of Plaintiffs, have copied, edited, streamed, distributed, and/or marketed portions of the Copyrighted Work to the public. Exhibit B, Exhibit C.

56.     The acts of Defendants were independently wrongful in that they have violated Plaintiffs' exclusive copyright interests in and to the Copyrighted Work, and constituted copyright infringement by knowingly copying, editing, streaming, distributing, and/or marketing portions the Copyrighted Work to the public despite being on notice.

57.     On information and belief, prior to engaging in the aforesaid conducts, Defendants were fully aware Plaintiffs' copyright ownership, and Plaintiffs were in economic relationships with other companies. Moreover, Defendants were fully aware of Plaintiffs' marketing and/or advertising opportunities, which were likely to result in economically-advantageous relationship containing the probability of present and future economic benefit to Plaintiffs.

COMPLAINT

58.     On information and belief, Defendants engaged in the conducts alleged herein above, with a deliberate intent to interfere with Plaintiffs' economically-advantageous business relationships with these purchasers and/or distributors. Furthermore, Defendants engaged in the alleged infringements in order to make these relationships less financially lucrative for Plaintiffs.

59.     On information and belief, by knowingly copying, editing, streaming, distributing, and/or marketing the Copyrighted Work, without Plaintiffs' permission or consent, Plaintiffs' economically-advantageous business relationships were and will be significantly disrupted.

60.     On information and belief, Defendants engaged in the conducts alleged herein above, with deliberate intent to interfere with Plaintiffs' economically-advantageous business relationships and to take the benefits of such relationships for themselves.

61.     Defendants' actions have damaged the market opportunity for Plaintiffs' exploitation of the Copyrighted Work for, including, but not limited to, movies, rendering the work less valuable to others and diminishing the economic advantage to which Plaintiffs are otherwise entitled to.

62.     As a direct and proximate result of Defendants' acts, as alleged hereinabove, Plaintiffs suffered and will suffer damages for prospective economic advantages that they would obtain through their copyright interests, to sell and/or license the rights to the Copyrighted Work to others, in an amount to be proven at trial.

63.     Defendants' infringing conducts constitute intentional interference with the prospective economic advantage that Plaintiffs would have otherwise enjoyed as the sole owner of the Copyrighted Work.

64.     On information and belief, Defendants' wrongful acts are causing, and will continue to cause injury to Plaintiffs, and that such injury will continue unless enjoined and restrained by this Court.

65.     The acts of Defendants were and are purposeful and intentional and were/are engaged in for the purpose of depriving Plaintiffs of their exclusive rights to the Copyrighted Work and prospective economic advantages therefrom, or otherwise causing injury, and were/are despicable conducts that subjected/subject Plaintiffs to unjust hardship in conscious disregard of

COMPLAINT

their rights. In fact, Defendants' acts were and are performed with oppression or malice, so as to justify an award of exemplary or punitive damages against such Defendants in an amount according to proof at trial.

### Fourth Claim for Relief
### Negligent Interference with Prospective Economic Advantage
### (Against All Defendants)

66.     Plaintiffs repeat and reallege and incorporate by reference paragraphs 1 through 65 hereof, as if fully set forth herein.

67.     On information and belief, prior to engaging in the aforementioned conducts, Defendants knew or should have known that Plaintiffs owned the Copyrighted Work, and Plaintiffs were in an economic relationship with purchasers and/or distributors. Moreover, Defendants were fully aware of Plaintiffs' marketing and/or advertising opportunities, which were and are likely to result in economically-advantageous relationships containing the probability of future economic benefit to Plaintiff.

68.     On information and belief, Defendants knew or should have known that Plaintiffs' economically-advantageous business relationships would be disrupted if Defendants failed to act with reasonable care.

69.     Even though Defendants knew or should have known that Plaintiffs economically-advantageous business relationship would be disrupted, Defendants interfered and are interfering with Plaintiffs' economically-advantageous business relationships with the purchasers and/or distributors and made these relationships significantly less financially lucrative for Plaintiffs.

70.     On information and belief, by knowingly copying, streaming, marketing, or distributing the Copyrighted Work without Plaintiffs' permission or consent, Plaintiffs' economically advantageous business relationships were actually disrupted.

71.     On information and belief, Defendants engaged in the conducts alleged hereinabove with a deliberate intent to interfere with Plaintiffs' economically-advantageous business relationships and to take the benefits of such relationships for themselves.

72.      Defendants' actions have damaged the market opportunity for Plaintiffs' exploitation of the Copyrighted Work for, including, but not limited to, movies of the

Copyrighted Work, rendering it less valuable to others and diminishing the economic advantage to which Plaintiff is otherwise entitled.

73.     As a direct and proximate result of Defendants' acts as alleged herein, Plaintiffs were damaged for prospective economic advantages that they would obtain through their rights to sell and/or license the rights to the Copyrighted Work to others, in an amount to be proven at trial.

74.     Defendants' infringing conducts constitute negligent interference with the prospective economic advantage that Plaintiffs would have enjoyed and will otherwise enjoy as the sole owners of the Copyrighted Work.

75.     On information and belief, Defendants' wrongful acts are causing and will continue to cause injury to Plaintiffs, and that such injury will continue unless enjoined and restrained by this Court.

**Fifth Claim for Relief**
**Unjust Enrichment**
**(Against All Defendants)**

76.     Plaintiffs repeat and reallege and incorporate by reference paragraphs 1 through 65 hereof, as if fully set forth herein.

77.     Defendants acknowledged, accepted, and benefited and will continue to benefit from infringing upon Plaintiffs' market share and audience/subscriptions as stated herein. As such, it would be inequitable and/or unconscionable for Defendants to enjoy the benefits of Plaintiffs' market share without just compensation.

78.      Defendants have failed to remit the income and profits at Plaintiffs' expense and economic detriment.

79.     Stated otherwise, Defendants have received and will receive benefits and unjustly retained benefits from the Copyrighted Work at Plaintiffs' expense. In addition, Defendants were significantly enriched by interfering with Plaintiffs' business operations and failing to properly obtain copyright licenses pursuant to state and/or federal laws.

80.     It would be inequitable and unconscionable for Defendants to retain the profit, benefits, and other compensations they obtained from their fraudulent, deceptive, and misleading conducts alleged herein.

81. As such, Plaintiffs seek restitution from Defendants, and seek an order of this Court disgorging all profits, benefits, and other compensation obtained through this infringement, by Defendants from their wrongful conduct.

**Sixth Claim for Relief**
**Misrepresentation In Violation Of The Digital Millennium Copyright Act**
**(Against All Defendants)**

82. Plaintiffs repeat and reallege and incorporate by reference paragraphs 1 through 81 hereof, as if fully set forth herein.

83. On or about January 13, 2022 and February 7, 2022, Plaintiffs served their Notice of Copyright (cease and desist letter), through their counsel, to the Defendants.

84. On or about January 13, 2022, Defendant Ahmadabadi responded to the Notice and acknowledged receiving the Notice. Ahmadabadi improperly responded to the notice by requesting substantial irrelevant evidentiary documents from the Plaintiffs' counsel. He was informed by Plaintiffs' counsel that the law does not require "discovery documents" to be provided along with the Notice of Copyright. Ahmadabadi responded that the claim cannot be "validated" and that he will continue to stream the Copyrighted Work unless he receives all evidentiary documents he requested.

85. On or about February 3, 2022, Plaintiffs sent another Notice of Copyright with the Registration Number indicated therein to Mr. Ahmadabadi. Mr. Ahmadabadi refused to remove the Copyrighted Work and blatantly stated that he will continue with his infringing conducts.

86. Plaintiffs, through their attorneys, repeatedly asked the Defendants to remove the Copyrighted Work and further explained and advised the Defendants to familiarize themselves with DMCA and other regulatory copyright laws by referring the matter to their legal counsel, with no success. They were advised on numerous occasions that they do not have any rights and authorization to exploit, edit, copy, distribute, publish and stream the Copyrighted Work.

87. The Defendants responded by stating that they are not obligated under any laws to take down the Copyrighted Work.

88. The statement regarding the validation of Copyrighted Work and the misrepresentations about the obligations under the laws of the United States are false and

COMPLAINT

misleading because, upon information and belief, Defendants knew and or should have known about the ownership of the Copyrighted Work and the laws of the United States. In addition, Defendants' act of redacting the authorized logo from the Copyrighted Work and replacing it with their own without authorization, was an intentional act of misrepresentation to the public

89.    Defendants' actions have caused and continue to cause harm towards Plaintiffs.

90.    Defendants compete directly with Plaintiffs in the marketplace for movies and audience, thereby causing Plaintiffs to lose significant profits. In fact, by and through their misconduct, Defendants divert consumers from Plaintiffs' channels, which provide streaming of movies, thereby causing Plaintiffs to lose profit.

91.    Plaintiffs receive a share of profits for selling and sharing the Copyrighted Work through distributors. Therefore, Plaintiffs could have received significant profits, but for Defendants' misrepresentations to the public.

### Seventh Claim for Relief
### Declaratory and Injunctive Relief
### (Against All Defendants)

92.    Plaintiffs repeat and reallege and incorporate by reference paragraphs 1 through 91 hereof, as if fully set forth herein.

93.    An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning their respective rights and duties. As such, a judicial declaration is necessary and appropriate at this time in order that the parties may ascertain their rights and duties under the applicable laws.

94.    Defendants' conducts as described herein, are continuing and have caused and are causing irreparable damages to Plaintiffs. Unless Plaintiffs obtain declaratory relief from this Honorable Court, and/or unless such conduct by Defendant is preliminarily and permanently enjoined, Plaintiffs will continue to suffer irreparable damages, which will necessitate the filing of multiple and/or successive lawsuits. As such, Plaintiffs are entitled to injunctive relief pursuant to the applicable laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

1. That Defendants have violated Section 501 of the Copyright Act (17 U.S.C. § 501).

2. Granting an injunction temporarily, preliminarily, and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

    a. Distributing, copying, marketing, advertising, promoting, displaying, streaming, selling or authorizing any third party to distribute, copy, market, advertise, promote, display, stream, or sell the Copyrighted Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work; and

    b. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (a).

3. That Defendants be ordered to provide an accounting of Defendants' profits attributable to Defendants' infringing conduct, including Defendants' profits from sales and any other exploitation of the Copyrighted Work, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work.

4. That Defendants be ordered to destroy or deliver up for destruction all materials in Defendants' possession, custody, or control used by Defendant in connection with Defendants' infringing conduct, including without limitation all remaining copies of the Copyrighted Work

COMPLAINT

and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Work, as well as all means for manufacturing them.

5.     That Defendants, at their own expense, be ordered to recall the Copyrighted Work from any distributors, retailers, vendors, or others that have distributed the Copyrighted Work on Defendants' behalf, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work, and that Defendants be ordered to destroy or deliver up for destruction all materials returned to it.

6.     Awarding Plaintiff:

a. Defendants' profits obtained as a result of Defendants' infringing conduct, including but not limited to all profits from sales and other exploitation of the Copyrighted Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work, or in the Court's discretion, such amount as the Court finds to be just and proper;

b. damages sustained by Plaintiffs as a result of Defendants' infringing conduct, in an amount to be proven at trial;

c. Statutory damages pursuant to 17 U.S.C. § 101 *et. seq.*  and

d. Plaintiffs' reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

7.     Awarding Plaintiffs' interest, including pre-judgment and post-judgment interest, on the foregoing sums.

8.     Awarding Plaintiffs incidental and/or consequential damages, as appropriate, past, present, and future, according to proof.

9.     Awarding Plaintiffs punitive and exemplary damages, as appropriate, according to proof.

COMPLAINT

10.     For declaratory relief, and/or preliminary and permanent injunction prohibiting the conduct and activities alleged herein. Furthermore, Plaintiff immediately and permanently seeks to enjoin Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from infringing Plaintiff's rights under the Copyright Act 17 U.S.C. § 502, including, without limitation, by using the internet, or any online media distribution system to reproduce (i.e., download), to distribute (i.e., upload) or make any portion of the Copyrighted Work available to the public, or to use any websites to make any reference to the copyrighted Work.

11.     For such other and further relief as the Court deems just and equitable, and conforming to proof at the time of trial.


Dated:        February 10, 2022                Respectfully submitted,

*Zarrinbakhsh, Esq.*
Rouzbeh Zarrinbakhsh
GGC Law

Shireen Tavakoli
One Law Litigation, PC

*Attorneys for Plaintiffs,*
Esmaeel Afifeh and Hasan Fathi

18                                                                          COMPLAINT

**VERIFICATION**

I, Hasan Fathi, declare as follows:

      1.    I am a party in the above-captioner matter, and a resident of Los Angeles County, United States.

      2.    I have read the foregoing Complaint, and know and understand its contents. The matters stated herein, are true of my own knowledge and belief, except as to those matters alleged and/or stated on my information and belief, and as to those matters, I believe them to be true.

      3.    I am the author and the director of an unpublished series, titled "Jeyran" ("Jeyran"), which will be released on February 13, 2022. Jeyran is an independent work, created by Mr. Esmaeel Afife (producer) and I (director). Jeyran has been registered with the U.S. Copyright Office (Reg No. PAu 4-119-713).

      4.    The named Defendants in this action have copied, streamed, manipulated, and displayed Jeyran, its teaser and images, on their platforms without any authorization.

      5.    Through my counsels, Defendants have been advised to remove the unauthorized contents, but they have refused to do so. The unauthorized contents on Defendants' platforms expressly indicate that Jeyran will be streamed on their platforms.

      6.    I have a well-founded fear that Defendants will stream and display Jeyran without authorization as soon as it is published on authorized channels on February 13, 2022.

      7.    If Jeyran is streamed on the Defendants' websites, I will be significantly harmed, due to the diminution in the value of Jeyran, loss of potential subscribers and purchasers for Jeyran.

      I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 10, 2022

Hasan Fathi

COMPLAINT