UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-00928-SB-AFM | Date: | April 5, 2022 |
|---|---|---|---|

| Title: | *Esmaeel Afifeh et al. v. Farid Shekarchian Ahmadabadi et al.* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Jennifer Graciano | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] ORDER TO SHOW CAUSE RE: SANCTIONS

    The Court is concerned about the behavior of one of Plaintiffs' attorneys, Mr. Rouzbeh Zarrinbakhsh, in connection with Plaintiffs' ex parte application for a temporary restraining order (TRO) against Defendant Northtelecom LLC (NorthTelecom), Dkt. No. 46, which the Court denied on April 1, 2022, Dkt. No. 52. The Court orders Plaintiffs and Mr. Zarrinbakhsh to show cause (OSC) why they should not be sanctioned for repeatedly violating the Court's Civil Standing Order.[1]

---

[1] In its opposition to Plaintiffs' ex parte application, NorthTelecom asked the Court to sanction both Plaintiffs and Mr. Zarrinbakhsh for threatening to present criminal charges to obtain an advantage in a civil dispute—which is prohibited by Rule 3.10(a) of the California Rules of Professional Conduct. *See* Dkt. No. 47 at 3-4. Certain e-mails from Mr. Zarrinbakhsh do raise serious concerns. *See, e.g.,* Dkt. No. 49-1 at 45 ("[I]f you further attempt to take advantage of civil preliminary matters to aid and abet this corporate criminal scheme, we will file with the appropriate agencies and will refer the matter to the U.S. Justice Department under Title 17 U.S.C. [§] 506 (A) and 18 U.S.C. [§] 2319."). The Court elected not to

Courts have inherent power to issue sanctions. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The inherent power to sanction encompasses violations of a court's standing orders. See *Washburn v. Morgado*, 332 Fed. App'x 380, 381 (9th Cir. 2009). The Civil Standing Order in this case states in relevant part:

> ***Counsel shall not initiate contact with the Court or its Chambers staff by telephone*** or by any other improper ex parte means. Counsel may contact the courtroom deputy clerk (CRD) with appropriate inquiries. ***Contacting the CRD to inquire about the status of a ruling . . . is not appropriate.*** The preferred method of communication with the CRD is by email.

Dkt. No. 11, Civil Standing Order at 3, (emphasis added).

Mr. Zarrinbakhsh violated this clear prohibition multiple times. Plaintiffs' ex parte application became ripe for adjudication on the afternoon of Tuesday, March 29, 2022, once Plaintiffs filed their reply brief. From then until the Court denied the ex parte application three days later, Mr. Zarrinbakhsh sent three e-mails to the CRD and left two voicemails. The content of each of Mr. Zarrinbakhsh's messages was similar; each time, he reminded the CRD that "[t]his is a very time sensitive matter" (to quote one e-mail) and pressed the CRD for when Plaintiffs could expect a ruling on the TRO. After one such e-mail, the CRD sent Mr. Zarrinbakhsh the Civil Standing Order's above-cited prohibition on contacting the CRD to inquire about the status of a ruling. But instead of ceasing his inappropriate outreach, Mr. Zarrinbakhsh elected to violate the Order, and even left a voicemail with the CRD's supervisor to press for a timeline on a ruling.

Mr. Zarrinbakhsh's repeated phone calls and e-mails violate the Court's Civil Standing Order—and his persistence in the face of a gentle reminder of the prohibition against such conduct reflects a level of aggression that is not in keeping with the basic requirements of professionalism. Accordingly, the Court **ORDERS**

---

address the issue in the context of a TRO that required a prompt response on the merits. Nevertheless, NorthTelecom is free to pursue this matter with the state bar if it chooses to do so. *Shawarma Stackz LLC v. Jwad*, No. 21-CV-01263-BAS-BGS, 2021 WL 5830625, at *4 (S.D. Cal. Dec. 8, 2021) (noting that the state bar "is . . . better equipped to make ethical rulings on attorney conduct").

Plaintiffs and Mr. Zarrinbakhsh to show cause why the Court should not exercise its inherent authority to sanction them for their repeated violations of the Court's Civil Standing Order.  The hearing on this OSC will be held on **Friday, April 15 at 8:30 a.m.**  Plaintiffs and Mr. Zarrinbakhsh shall file a written response to this OSC not later than **April 11, 2022**.

    **IT IS SO ORDERED.**