UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-00928-SB-AFM | Date: | April 7, 2022 |
|---|---|---|---|

| Title: | *Esmaeel Afifeh et al. v. Farid Shekarchian Ahmadabadi et al.* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

|  Jennifer Graciano  |  N/A  |
|---|---|
|  Deputy Clerk  |  Court Reporter  |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] ORDER TO SHOW CAUSE RE: IMPROPER JOINDER**

Federal Rule of Civil Procedure 20(a) provides that defendants may be joined if (1) a right to relief asserted against them jointly, severally, or in the alternative relates to or arises out of the same transaction, occurrence, or series of transactions or occurrences and (2) a question of law or fact common to all defendants will arise in the action. Fed R. Civ. P. 20(a)(2); *see also League to Save Lake Tahoe v. Tahoe Reg. Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977). Thus, Rule 20 permits the joinder of multiple defendants "only if two requirements are satisfied: transactional relatedness and continuity." *Bravado Int'l Grp. Merch. Servs. v. Cha* (*Bravado*), No. CV 09-9066 PSG (CWx), 2010 WL 2650432, at *1 (C.D. Cal. June 30, 2010). The purposes of joinder under Rule 20(a) are "to promote judicial economy, and reduce inconvenience, delay, and added expense" by permitting a plaintiff to join claims that are substantially based on the same basic set of facts. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). These purposes are not served "when the claims are similar in nature or share some commonalities but are predicated on distinct factual scenarios," *Flauta v. Johnson & Johnson*, No. CV 12-9095 PSG (AGRx), 2013 WL 12138986, at *3 (C.D. Cal.

Jan. 10, 2013), because, in such a scenario, a court is required to view each claim in "a separate and individual light," *Coughlin*, 130 F.3d at 1351.

Plaintiffs filed the First Amended Complaint (FAC) in this action on February 28, 2022, seeking injunctive and monetary relief from 16 named Defendants for their alleged intentional and contributory infringement of Plaintiffs' copyright in the Farsi-language television series "Jeyran" (the Series). *See* Dkt. No. 25. The FAC alleges eight federal and state-law claims (some against all Defendants and some against only certain Defendants, depending on the nature of their business). The FAC does not allege any connection between the Defendants—who range from a website operated by an individual in Colorado, to a satellite broadcasting company based in the United Arab Emirates, to a communications service provider headquartered in Luxembourg—beyond their alleged infringement of the Series.

While it is clear that Plaintiffs' claims raise common questions of law or fact because the FAC alleges that Defendants infringed upon the Series, the "mere fact" that Plaintiffs' claims against Defendants "involve a common question of law or fact does not entail that its claims against Defendants are related to the same transaction or occurrence." *Bravado*, 2010 WL 2650432, at \*4; *see also Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009) (finding that the plaintiff's infringement claims did not arise out of same transaction where the defendants were alleged to have acted independently in infringing on the same trademark). Rather, under Rule 20, "the sameness of the accused products or processes is not sufficient to join independent defendants in an infringement action unless the claims asserted against each defendant share an aggregate of operative facts . . . and not just distinct, albeit coincidentally identical, facts." *Kirakosian v. J&L Sunset Wholesale & Tobacco*, No. 2:16-cv-06097-CAS (AJWx), 2017 WL 3038307, at \*2 (C.D. Cal. July 18, 2017) (cleaned up). Here, as in *Bravado*, the FAC "is entirely devoid of any allegations that Defendants conspired with one another" to infringe Plaintiffs' copyrights and also "does not seek joint or several liability against Defendants." 2010 WL 2650432, at \*4.

Thus, the operative pleading in this case appears to violate Rule 20. Rule 21 covers the misjoinder of parties and provides that "on motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Courts have "considerable discretion in choosing among these options," *Bravado*, 2010 WL 2650432, at \*14-15, and "[c]ourts in the Central District of California routinely dismiss defendants

for misjoinder" in infringement cases, *Kirakosian*, 2017 WL 3038307, at *3 (collecting cases).

      Accordingly, Plaintiffs are **ORDERED** to show cause (OSC), in writing and not later than **April 12, 2022**, why all Defendants except those named in the initial complaint—Omid Shekarchian Ahmadabadi, Proud LLC, Proud Holding LLC, and Farsiland, who Plaintiffs allege acted in concert, *see* Dkt. No. 1—should not be dismissed from this action without prejudice for improper joinder. Plaintiffs' failure to respond to this order will result in the dismissal of all Defendants except Omid Shekarchian Ahmadabadi, Proud LLC, Proud Holding LLC, and Farsiland without prejudice. Plaintiffs' response shall not exceed **12 pages**. Plaintiffs shall appear before the Court for a hearing on this OSC on **April 15, 2022**, in conjunction with another OSC issued to Plaintiffs as to why they and their counsel should not be sanctioned. Dkt. No. 56.

      **IT IS SO ORDERED**.