UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-00928-SB-AFM | Date: | July 1, 2022 |
|---|---|---|---|

| Title: | *Esmaeel Afifeh et al. v. Farid Shekarchian Ahmadabadi et al.* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|
| Jennifer Graciano | N/A |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] ORDER TO SHOW CAUSE RE: SANCTIONS

    James Juo, lead counsel for Defendants, repeatedly contacted the Court about his request to continue a hearing to accommodate his vacation plans. The Court orders Defendants and Mr. Juo to show cause (OSC) why they should not be sanctioned for repeatedly violating the Court's Civil Standing Order.

    Courts have inherent power to issue sanctions. *See [Chambers v. NASCO, Inc.](...)*, 501 U.S. 32, 43 (1991). The inherent power to sanction encompasses violations of a court's standing orders. *See [Washburn v. Morgado](...)*, 332 Fed. App'x 380, 381 (9th Cir. 2009). The Civil Standing Order states in relevant part:

> Counsel shall not initiate contact with the Court or its Chambers staff by telephone or by any other improper ex parte means. Counsel may contact the courtroom deputy clerk (CRD) with appropriate inquiries. ***Contacting the CRD to inquire about the status of a ruling . . . is not appropriate.*** The preferred method of communication with the CRD is by email.

. . .

Sanctions may be imposed for misuse of ex parte applications.

Dkt. No. 11, Civil Standing Order at 3, 13 (emphasis added).

The hearings on Defendants' motion to dismiss and Plaintiffs' application for a preliminary injunction, as well as the mandatory scheduling conference (MSC) in this matter, were initially scheduled for June 10, 2022. The Court continued the hearings on its own motion to June 15. Dkt. Nos. 80, 81. The parties filed a joint stipulation to continue the hearings and MSC until June 24, which the Court granted. Dkt. No. 83. In that order, the Court stated that "[t]he parties are advised that the Court may continue these hearings if it is in trial on June 24." *Id*. As the Court was in fact in trial on June 24, the Court continued the pending matters until July 1. Dkt. No. 84.

The day after the Court's order, the parties filed another stipulation to continue the hearings and the MSC to July 8, on the ground that Mr. Juo had a pre-paid family vacation and would be out of town on July 1. Dkt. No. 85. The joint stipulation was docketed after the close of business on a Friday evening. The Court ultimately granted the stipulation on June 29. But between the filing of the stipulation and the order granting it (a period of less than three business days), Mr. Juo sent three e-mails, made multiple phone calls, and left at least one voicemail with the CRD urging the Court to grant the stipulation on account of his vacation. Having failed to obtain immediate action on his stipulation through improper ex parte means, Mr. Juo decided to file an improper ex parte application on June 29 seeking the same continuance sought by stipulation. Dkt. No. 89.

While the Court understands that Mr. Juo was anxious about obtaining a ruling before his scheduled vacation, his conduct appears sanctionable. If Mr. Juo had violated the Civil Standing Order once, the Court would have been inclined to take no action under the circumstances. But Mr. Juo not only violated the Order on numerous occasions but also engaged in an abuse of process by filing an improper ex parte application designed to do nothing more than to prompt action on the pending stipulation—yet another step in a series of actions to doggedly pursue the Court while it was in back-to-back trials. Mr. Juo's conduct is particularly puzzling given the fact that the Court previously had issued an order to show cause for similar conduct by his opposing counsel in this case. Dkt. No. 56. Mr. Juo was present at the hearing for that OSC, in which the Court explained to opposing counsel:

What you should also understand, counsel, is that yours is not—and I don't mean this flippantly—the only case the Court has to preside over.  And I believe I was in trial at the time that I received [the ex parte application].  I was fully aware of this matter . . . .  So the Court understands the urgency of the matter and wasn't unmindful of its urgency.  But urgency doesn't give you the right to flout the Court's Order.

Accordingly, the Court **ORDERS** Defendants and Mr. Juo to show cause why the Court should not exercise its inherent authority to sanction them for their repeated violations of the Court's Civil Standing Order.  The hearing on this OSC will be held on **Friday, July 15 at 8:30 a.m**.  Mr. Juo is ordered to appear in person at the OSC hearing.  Defendants and Mr. Juo shall file a written response to this OSC not later than **July 11, 2022**.

**IT IS SO ORDERED.**